## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**LEON CAMMACK**                                                          **PLAINTIFF**

**v.**                              **CIVIL ACTION NO. 5:23-cv-00043-DCB-BWR**

**SHERIFF JAMES BRUMFIELD,**
**CAPTAIN RICHARD BYNAM,**
**WARDEN HERBERT YOUNG, and**
**NURSE VALERIE WELLS**                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

On May 10, 2023, *pro se* Plaintiff Leon Cammack, proceeding *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, naming Sheriff James Brumfield, Captain Richard Bynam, Warden Herbert Young, and Nurse Valerie Wells as Defendants. Compl. [1] at 1-2.  When he filed his Complaint, Plaintiff was an inmate housed at the Pike County Jail in Magnolia, Mississippi, *id.* at 1, but he has since been released from custody. Notice [26] at 1.  Plaintiff's claims were clarified at an Omnibus Hearing on March 13, 2024.[1]

On August 26, 2024, Defendants filed a Motion for Summary Judgment [29]. Plaintiff did not respond, and the deadline for doing so has passed. (Text Only Order, July 24, 2024). For the following reasons, the undersigned recommends that Defendants' Motion for Summary Judgment [29] be granted, that Plaintiff's claims against them be dismissed with prejudice, and that this case be closed.

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

# I. BACKGROUND

Plaintiff was incarcerated at the Pike County Jail from March 5, 2023 to September 28, 2023 on a Driving Under the Influence (DUI) charge. Tr. [25] at 11. When he filed his Complaint, Plaintiff was "incarcerated because [he] had been convicted of a crime," Compl. [1] at 1, but this record contains no information about any underlying criminal prosecution or conviction other than Plaintiff was housed at the Pike County Jail on a DUI charge. Tr. [25] at 39.

Plaintiff complains about the denial of medical care for his ankle and swollen feet, along with eleven conditions of his confinement: (1) overcrowding, (2) sleeping on the floor, (3) black mold in the showers, (4) dysfunctional cell doors, (5) dysfunctional overhead lighting and exposed wiring, (6) dysfunctional call buttons, (7) lack of regular yard time, (8) lack of basic hygiene supplies, (9) lack of access to medication, (10) delayed paperwork and mail tampering, and (11) denial of adequate food. Compl. [1] at 4-5. All Defendants are sued in their official capacities. Tr. [25] at 34-36. Plaintiff seeks $50,000.00 in compensatory damages and $50,000.00 in punitive damages for "any long term health issues," and he requests that the Court exercise "oversight for the jail." Tr. [25] at 38; Compl. [1] at 4.

## A. Denial of medical care

Plaintiff states that Nurse Wells "ignored all medical requests for [his] ankles and feet swelling." Compl. [4] at 4. Plaintiff testified that Nurse Wells would not send him to the doctor after he complained about his swollen foot and a host of other ailments, including his teeth, back pain, a spider bite, an earache, and headaches. Tr.

[25] at 36. Plaintiff also claims that inmates "have to beg for Tylenol, sinus medication," and other over-the-counter medications. Compl. [1] at 4. Plaintiff testified that he has visited a doctor since his release from custody but has not been diagnosed with any injury or illness resulting from his confinement at Pike County Jail. *Id.* at 18-34.

Plaintiff also testified that he requested to see a dentist while at the Pike County Jail, to no avail. Tr. [25] at 11. Plaintiff testified that he has not seen a dentist since he was released from custody. *Id.* at 12.

## B. Unconstitutional conditions of confinement

Plaintiff raises eleven primary claims related to his conditions of confinement. First, he complains that the jail is overcrowded, and he "had to sleep on the floor" for about two months as a result. Compl. [1] at 4; Tr. [25] at 15-16. Plaintiff testified that he suffered back pain while sleeping on the floor on a thin cotton mat. Tr. [25] at 6-7. Plaintiff also believes that this issue leads to fighting and the spread of illness. Pl.'s Resp. [7] at 1.

Second, Plaintiff complains about several safety violations. Plaintiff claims there is "black mold in showers," dust, and that the air conditioning vents contain mold and mildew. Compl. [1] at 4; Pl.'s Resp. [8] at 1. Plaintiff testified that because of the mold and dust he inhaled, "it is just hard to breathe now" and his "head hurts." Tr. [25] at 33; Pl.'s Resp. [8] at 1.

Plaintiff argues that exposed electrical wiring in the cells poses a safety issue Compl. [1] at 4. He testified that the exposed wiring in his cell shocked him once and causes "a little tingling in [his] shoulders sometimes." Tr. [25] at 24-25.

Plaintiff claims that the cells have dysfunctional lighting but could not point to an injury he suffered from this condition. Compl. [1] at 4; Tr. [25] at 21.

Plaintiff complains that pests are present in the jail. Compl. [1] at 4. Plaintiff testified that a pest crawled into his ear and resulted in earaches. Tr. [25] at 32. Plaintiff also testified that he was bitten by a spider. *Id.* Plaintiff conceded that the injuries related to the bugs were not severe; Plaintiff's earache "lasted about two weeks" and the spider bite caused Plaintiff's leg to hurt and burn for "two or three weeks." *Id.* at 32-33.

Plaintiff also says that the jail lacks functioning cell doors, an emergency call button, and that the "hand manual" cages are a fire hazard. Compl. [1] at 4; Tr. [25] at 7; Pl.'s Resp. [8] at 1. Plaintiff did not suffer an injury from those alleged safety violations. Tr. [25] at 19-34.

Third, Plaintiff claims that inmates do not have regular access to the prison yard. Compl. [1] at 4. Plaintiff testified that the inmates would go out for yard call "once a month, and you're supposed to go out once every day for an hour." Tr. [25] at 26. Plaintiff testified he suffered no physical injury as a result. *Id.*

Fourth, Plaintiff says that inmates "have to . . . [beg] for" hygiene items, including "soap, deodorant, tissue [paper], toothpaste, [and] toothbrush[es]." Compl.

[1] at 4; Tr. [25] at 9-10. Plaintiff testified that he suffered dry skin, "teeth hurting, [and] bad breath." Tr. [25] at 10.

Fifth, Plaintiff complains that "Administration sits on or delays paperwork, keeping people [at Pike County Jail] for longer than necessary to make money from the State" and that his legal mail is held and opened. Compl. [1] at 5; Pl.'s Resp. [8] at 1. Plaintiff testified that he suffered no physical injury because of this condition but argued in the pleadings that "they are trying to stop [his] case." Pl.'s Resp. [8] at 1. Otherwise, Plaintiff did not indicate that this delay hindered his criminal defense or kept him from pursuing civil remedies. Tr. [25] at 28.

Sixth, Plaintiff says that there is "not enough food to eat to meet calorie requirements" and that the food is "sometimes spoiled," although he received two meals per day during his confinement. Compl. [1] at 5. He claims that "[the food] . . . [was not] good for [him]." Tr. [25] at 29. Plaintiff speculates that he was fed spoiled food "once or twice every month." *Id.* Plaintiff testified that he suffered "headaches" and his "stomach hurting" from the allegedly spoiled food. *Id.* Additionally, Plaintiff claims in the pleadings that the water was contaminated and caused stomach pain. Pl.'s Resp. [8] at 1.

Finally, Plaintiff claims that his nine-month sentence amounts to cruel and unusual punishment. Pl.'s Resp. [8] at 1. Plaintiff argues that his sentence for "first DUI" should have been "[five] days and time served." Tr. [25] at 39. Plaintiff testified that a nine-month sentence was imposed because of his "priors . . . . for Louisiana" but that he was told he would be released after time served for the DUI. *Id.*

## II.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "The movant accomplishes this by informing the court of the basis of for its motion, and by identifying portions of the record which highlight the absence of genuine factual issues." *Id.* "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges its initial burden of demonstrating entitlement to summary judgment." *Mack v. Waffle House, Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007) (quotation and brackets omitted). "[O]nce a properly supported motion for summary judgment is presented, the nonmoving party must rebut with 'significant probative'

evidence." *Id.* (quoting *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978)).

## III. DISCUSSION

Plaintiff's claims are not cognizable against any Defendant and should be dismissed with prejudice. To start, Plaintiff has failed to demonstrate Sheriff Brumfield's personal involvement in any of the alleged constitutional violations. And Plaintiff has failed to state a constitutional violation with respect to anyone.

### A. Plaintiff's claims against Sheriff Brumfield should be dismissed for his lack of personal involvement.

Plaintiff generally sued Sheriff Brumfield because "he failed to supervise" the Pike County Jail. Tr. [25] at 35. But "[p]ersonal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987) (collecting cases). "However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient casual connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304. Supervisory officials may also be liable if they "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* (quotations omitted).

"The sheriff's general responsibility for supervising the operation of his department is insufficient to establish personal involvement." *Ellis v. Packnett*, No. 5:06-cv-00033-DCB-JMR, 2007 WL 2688540, at *8 (S.D. Miss. Sept. 10, 2007).

Plaintiff has failed to show that Sheriff Brumfield committed any wrongdoing that may have caused the alleged constitutional violations. Likewise, Plaintiff has identified no policy of Sheriff Brumfield's that may have caused the constitutional violations he claims.

Plaintiff cannot maintain his § 1983 claim against Sheriff Brumfield, and those claims should be dismissed with prejudice. *See McCloud v. Allison*, No. 1:08-cv-00581-RHW, 2009 WL 3214797, at *3 (S.D. Miss. Sept. 30, 2009) (awarding summary judgment to the sheriff in which the plaintiff failed to allege "any personal involvement by [the sheriff] . . ., [or] any casual connection between any wrongdoing by [the sheriff] and the alleged constitutional deprivation").

### B. Plaintiff has failed to establish a constitutional violation.

#### i. *Denial of medical care*

Plaintiff was a convicted prisoner when the events giving rise to this lawsuit occurred. *See* Compl. [1] at 1. His constitutional right to adequate medical care stems from the Eight Amendment prohibition against cruel and unusual punishment. *Deroche v. Hancock Cnty.*, No. 1:18-cv-00215-LG-RPM, 2021 WL 2556598, at *5 (S.D. Miss. June 22, 2021) (quotation omitted).

"To show a violation of the Eighth Amendment, the plaintiff must prove: (1) objective exposure to a substantial risk of serious harm; and (2) that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quotation omitted). "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are

deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes an unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Crim. Just., Institutional Div.*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet." *Id.* at 346 (internal quotations omitted). It "requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (internal quotations omitted). "A prison official acts with deliberate indifference only if he knows that inmates face a substantial risk of serious bodily harm and he disregards that risk by failing to take reasonable measures to abate it." *Id.*

"Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* at 346. "A prisoner's disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Dunham v. Epps*, No. 2:07-cv-00171-MTP, 2009 WL 2396318, at *3 (S.D. Miss. July 31, 2009). "Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment." *See Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

Plaintiff testified that "every time [he] complain[ed] to [Nurse Wells], she [gave] [him an Advil] and that's it . . . . She [didn't ever] send [him] to the doctor." *Id.* at 36. Thus, Plaintiff concedes that he was not denied medical care altogether; he merely complains that he was not permitted to see a doctor, in addition to the care provided by Nurse Wells. But Plaintiff admits that his ailments were treated, and he cannot establish a constitutional violation simply because that treatment was provided by a nurse instead of a doctor. *See Saldivar v. Davis*, 698 F. App'x 198, 199 (5th Cir. 2017) (holding that plaintiff's "contention that she was denied medical care because she was not seen by the prison doctor, instead of the prison nurse, . . . does not amount to deliberate indifference."). Plaintiff has failed to show that Nurse Wells exhibited deliberate indifference. *See Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992) ("The treatment may not have been the best that money could buy, and occasionally, a dose of medication may have been forgotten, but these deficiencies were minimal, they do not show an unreasonable standard of care, and they fall far short of establishing deliberate indifference by the prison authorities.").

"Further, [a] delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Yet Plaintiff concedes that his injuries either resolved during his stay or have not been attributed to confinement at the Pike County Jail. Tr. [25] at 17-18, 25, 30, 33-34.

By his own admission, Plaintiff has not suffered "any permanent or life-long impairment, which is a prerequisite for a claim of delay in the provision of medical

treatment to an inmate under § 1983." *See Burns v. E. Baton Rouge Par. Prison Emergency Med. Servs.*, No. 14-0245-JWD-EWD, 2017 WL 4214143, at *6 (M.D. La. Sept. 6, 2017); *see also Harris v. Walley*, 436 F. App'x 372, 373 (5th Cir. 2011) (affirming summary judgment for medical providers where "there [was] no genuine dispute that [the plaintiff] did not suffer any permanent injuries due to his medical care"); *see also Severin v. Hunter*, No. CIV A 06-2780, 2007 WL 1592976, at *11 (E.D. La. May 30, 2007). Plaintiff has failed to establish a constitutional violation with respect to his medical care, and those claims should be dismissed with prejudice.

### ii. Unconstitutional conditions of confinement

"[T]he Constitution does not require that custodial inmates be housed in comfortable prisons," but "prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). To prove an Eighth Amendment conditions-of-confinement claim, a plaintiff must show that the prison officials' conduct "resulted in the plaintiff being incarcerated under conditions which posed an unreasonable risk of damage to the prisoner's future health." *Williams v. Mgmt. of GEO*, No. 4:10-cv-00023-LRA, 2011 WL 3684479, at *2 (S.D. Miss. Aug. 23, 2011) (citing *Herman*, 238 F.3d at 664. (internal quotations omitted).

The "deliberate indifference standard is the appropriate measure of constitutional liability for a prison official's failure to provide a convicted inmate with basic human needs." *Miguel v. McLane*, No. 22-10517, 2024 WL 747232, at *5 (5th Cir. Feb. 23, 2024) (quoting *Hare v. City of Corinth*, 74 F.3d 633, 647 (5th Cir. 1996).

"Deliberate indifference is established by showing that the defendant officials (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Herman*, 238 F.3d at 664 (citing *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998) (internal quotations omitted)). "An inmate must establish: first, that the deprivation alleged was sufficiently serious . . .; and second, that the prison official possessed a sufficiently culpable state of mind." *Id*. The state of mind required "is that the official acted with deliberate indifference to inmate health or safety." *Id.*

The "physical injury required by § 1997e(e) must be more than de minimus [sic] but need not be significant." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Thus, a prisoner seeking to recover compensatory damages[2] on a conditions of confinement claim must establish a physical injury that is more than *de minimis. Alexander v. Tippah Cnty., Miss.*, 351 F.3d 626, 631 (5th Cir. 2003).

Plaintiff complains about eleven conditions of confinement at the Pike County Jail including: (1) overcrowding, (2) various safety violations, (3) lack of opportunity for physical exercise, (4) lack of personal hygiene items, (5) delayed mail delivery, and (6) inadequate and spoiled food.

---

[2] Any request for injunctive relief was mooted by Plaintiff's release from custody. *See Smith v. City of Tupelo*, 281 F. App'x 279, 282 (5th Cir. 2008) ("A claim for declaratory or injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or transfer from the facility.").

***Overcrowding.*** "Overcrowding of inmates is not *per se* unconstitutional, nor does the temporary inconvenience or discomfort of having to sleep on a mat on the floor amount to a constitutional violation." *Gaines v. McDonald*, No. 3:12-cv-00404-JMR, 2013 WL 4483393, \*4 (S.D. Miss. Aug. 19, 2013), *aff'd*, 577 F. App'x 335 (5th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347-50 (1981)). Plaintiff testified that he lived in a "16-man cell" with about "30 something people [in the cell]," Tr. [25] at 8, 15, so he was required to "sleep on the floor" on a "little thin cotton" mattress "with a blanket," *id.* at 15-17. "The prisoner must suffer from an **extreme deprivation** of any 'minimal civilized measure of life's necessities.'" *Williams*, 2011 WL 3684479, at \*2. (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (emphasis in original)).

Plaintiff has failed to show that "Defendants deprived him the minimal civilized measure of life's necessities." *Pinkston v. Lee*, No. 5:22-cv-00018-KS-MTP, 2023 WL 2518914, at \*3 (S.D. Miss. Jan. 20, 2023), *R. & R. adopted,* No. 5:22-cv-00018-KS-MTP, 2023 WL 2507600 (S.D. Miss. Mar. 14, 2023), *adhered to on recons.,* No. 5:22-cv-00018-KS-MTP, 2023 WL 11944483 (S.D. Miss. June 13, 2023), and *mot. for relief from j. denied,* No. 5:22-cv-00018-KS-MTP, 2023 WL 11944480 (S.D. Miss. Sept. 5, 2023), and *appeal dismissed,* No. 23-60179, 2023 WL 11018179 (5th Cir. Dec. 21, 2023) (finding that, at most, plaintiff demonstrated he was uncomfortable and failed to show that defendants did not protect him from the cold because plaintiff did not "dispute that he was provided clothes and a blanket").

Plaintiff also believes that this issue caused his back to hurt. Tr. [25] at 15. "[A] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Pinkston*, 2023 WL 2518914, at * 3 (quoting *Luong v. Hatt*, 979 F. Supp. 481, 48 (N.D. Tex. 1997) (internal quotation omitted)). Although sleeping on the floor may have been an uncomfortable temporary inconvenience, Plaintiff has not shown that his undiagnosed back pain is more than a *de minimis* injury or that he suffered a constitutional violation. *See Causey v. Allison*, No. 1:08-cv-00155-RHW, 2008 WL 4191746, at *2 (S.D. Miss. Sept. 9, 2008) ("The temporary inconvenience of sleeping on a mat on the floor does not amount to a constitutional violation.").

**Safety violations.** Plaintiff complains of black mold in the restroom facilities, dust, exposed electrical wiring in the cells, dysfunctional cell lighting, the presence of pests, lack of functioning cell doors and emergency call button, and that the hand manual cages are a fire hazard. Compl. [1] at 4; Tr. [25] at 7; Pl.'s Resp. [8] at 1. Plaintiff's claims do not amount to an Eighth Amendment violation. He has not shown that he suffered more-than-*de-minimis* injuries while incarcerated at the Pike County Jail.

   a.  Black mold and dust

"The fact that . . . there is black mold in the shower, . . . does not rise to the level of a constitutional violation." *Causey*, 2008 WL 4191746, at *2. Additionally, "the presence of dust does not render an inmate's confinement unconstitutional."

*Trahan v. Swartz*, No. cv 19-10145, 2019 WL 5846994, at *3 (E.D. La. Oct. 15, 2019), *R. & R. adopted*, No. cv 19-10145, 2019 WL 5811292 (E.D. La. Nov. 7, 2019).

Plaintiff testified that he now suffers from breathing problems and his "head hurts" because of the circulation of dust and mold but admitted that his breathing issues stem from a heart problem. Tr. [25] at 33-34; Pl.'s Resp. [8] at 1. "[T]here is nothing in the record which shows that [Plaintiff's breathing issue] [is] related to mold or other alleged conditions at the jail." *Cruse v. Corr. Med. Assocs.*, No. 1:16-cv-00068-LG-RHW, 2016 WL 7477554, at *2 (S.D. Miss. Dec. 29, 2016). Plaintiff's alleged injuries from this condition are *de minimis*.

### b. Exposed electrical wiring

Plaintiff claims the electrical wiring hanging in his cell shocked him once and caused occasional shoulder tingling, but this claim fails to equal an Eighth Amendment Violation. Tr. [25] at 33; *see Gaines v. Rushing*, No. 3:11-cv-00727-DPJ-FKB, 2013 WL 5348276, at *2 (S.D. Miss. Sept. 23, 2013) (holding that plaintiff's complaint of "live wires hanging from an exposed light socket" in his cell did not amount to an Eighth Amendment violation).

And Plaintiff concedes that he did not seek medical attention after being shocked by the exposed wire. Tr. [25] at 23. "Injuries for which free world individuals would not seek emergency room or other professional medical care are not significant." *Pinkston*, 2023 WL 2518914, at * 3 (quoting *Purtell v. Corr. Corp. of Am.*, No. CIVA 2:05-cv-00192-MPM-JA, 2007 WL 1464376,at *2 (N.D. Miss. Mar. 26, 2007). Thus, Plaintiff's injury is *de minimis*.

### c. Dysfunctional cell lighting

Plaintiff admitted that he suffered no physical injuries because of a lack of light in his cell and that he had access to light "in the zone." Tr. [25] at 33. Thus, Plaintiff has not shown an Eighth Amendment violation and any alleged injury is *de minimis*. *See Mallett v. Rushing*, No. 3:17-cv-00409-DPJ-FKB, 2019 WL 3916488, at *3 (S.D. Miss. Aug. 2, 2019), *R. & R. adopted*, No. 3:17-cv-00409-DPJ-FKB, 2019 WL 3892427 (S.D. Miss. Aug. 19, 2019) (holding that plaintiff failed to raise a claim under the Eighth Amendment for lighting because "he admits that light comes into his cell from the adjoining common areas and from windows that allow in sunlight.").

### d. Presence of pests

Plaintiff complains that pests exist in his cell, but "the presence of pests is not, standing alone, a sufficiently serious deprivation to support an Eighth Amendment claim." *Amos v. Cain*, No. 4:20-cv-00007-DMB-JMV, 2021 WL 1080518, at *14 (N.D. Miss. Mar. 19, 2021) (citing *Bennett v. Morris*, No. 4:12-cv-00108-MPM-DAS, 2020 WL 60240, at *5 (N.D. Miss. Jan. 6, 2020); *see Bennett*, 2020 WL 60240, at *5 ("The presence of insects and pests in a rural Mississippi prison unit does not, alone, establish a constitutional violation."); *see also Alex v. Stalder,* 73 F. App'x 80 (5th Cir. 2003) (finding no Eighth Amendment violation when a snake entered a prisoner's cell and the prisoner was bitten by pests).

Plaintiff testified that a pest crawled into his ear and that he was bit by a pest once. Tr. [25] at 24-25, 32-33. Plaintiff testified that the injuries related to the bugs were not severe. Plaintiff's claims his earache "lasted about two weeks" and the spider

bite caused Plaintiff's leg to hurt and burn for "two or three weeks," but that the injuries resolved. *Id.* at 32-33. He also admitted that each time he complained "about something" Nurse Wells supplied him with Advil pain medication. *Id.* at 36. "Such an injury is *de minimis*, and does not rise to the level of a constitutional violation." *Knight v. McGee*, No. 2:06-cv-00129-MTP, 2007 WL 3506462, at *4 (S.D. Miss. Nov. 14, 2007) (finding plaintiff's claim that he was bitten by a beetle causing his face to swell was a *de minimis* injury because the wounds subsequently healed).

     e.  <u>Lack of functioning cell door, emergency call button, and faulty hand manual cage door</u>

Plaintiff claims that the cell door and emergency call button were dysfunctional and that the hand manual cage door created a fire hazard. Tr. [25] at 18-19, 22; Pl.'s Resp. [8] at 1. Yet, Plaintiff admits that he did not suffer any injury and failed to present evidence that Defendants were aware of these conditions. Plaintiff has failed to allege an Eighth Amendment violation and any injury he alleges is *de minimis*. *See Ellis v. Shaw*, No. 5:14-cv-00103-MTP, 2016 WL 796131, at *5 (S.D. Miss. Feb. 26, 2016) (finding that plaintiff failed to establish an Eighth Amendment violation where "[p]laintiff failed to come forward with evidence that [defendants] knew the security monitors were malfunctioning, failed to repair them prior to the attack, and knew that [plaintiff's] cell door was not property secure."); *see also Brown v. Rosa*, No. 4:23-cv-108-JMV, 2023 WL 7346323, at *2 (N.D. Miss. Nov. 7, 2023) ("[A] prisoner has no constitutional right to a call button in his cell.").

***Lack of opportunity for physical exercise.*** "Deprivation of exercise is not a *per se* constitutional violation; an extended deprivation of exercise opportunities,

however, may violate an inmate's right not to be subjected to cruel and unusual punishment." *Lewis v. Smith*, 277 F.3d 1373, at *1 (5th Cir. 2001) (citing *Miller v. Carson*, 563 F.2d 741, 751 n.12 (5th Cir. 1977). "To succeed on an Eighth Amendment claim that he was denied adequate recreation, a plaintiff must establish (1) that prison officials failed to provide him with adequate exercise opportunities; and (2) that prison officials acted with deliberate indifference to a substantial risk of harm to his health and safety." *Amos*, 2021 WL 1080518, at *15 (quoting *Lewis*, 277 F.3d at *1).

Plaintiff claims that limited yard call time resulted in a lack of sunlight. Tr. [25] at 26. But Plaintiff testified that he "go[es] outside once a month, sometimes twice a month." *Id.* at 7. Although not as often as Plaintiff would like, Plaintiff has failed to show that a deprivation of yard call time "was done with deliberate inference to his health or safety" in violation of the Eighth Amendment or that his injury is more-than-*de-minimis*. *Amos*, 2021 WL 1080518, at *16.

***Lack of personal hygiene items.*** Plaintiff alleges that his custodians failed to provide him with "soap, deodorant, tissue, toothpaste, and [a] toothbrush." Tr. [25] at 10. But Plaintiff admitted that he was provided soap and tissue paper weekly and permitted to buy other items he lacked through the commissary. *Id.* at 13. Plaintiff "has therefore failed to show such extreme conditions constituting an Eighth Amendment claim because 'some measure of hygiene [was] provided.'" *Ruiz v. LeBlanc*, 643 F. App'x 358, 361-62 (5th Cir. 2016) (affirming the dismissal of plaintiff's conditions of confinement claims based on alleged inadequate hygiene

because plaintiff could have purchased toothpaste); *see also Lindsey v. Hubbard*, No. 1:15-cv-00357-LG-RHW, 2017 WL 2727093 (S.D. Miss. June 23, 2017) (finding plaintiff's allegation insufficient to state an Eighth Amendment claim because he was provided some basic hygiene items).

    ***Delayed mail delivery.***  To succeed on a claim of mail tampering, "a prisoner plaintiff must prove: (1) that the prison officials intentionally confiscated his outgoing mail, and (2) that the confiscation of the plaintiff's mail resulted in actual harm to him." *Carpenter v. Itawamba Co. Jail*, 597 F. Supp. 3d 977, 1002 (N.D. Miss. 2022) (collecting cases) (finding that plaintiff did not identify any harm he suffered from the confiscation of his mail). Further, "[a] prison official's intentional withholding of mail intended for the courts may constitute a cognizable claim under § 1983, 'where it is also alleged that the intentional delay damaged the prisoner's legal position.'" *Jordan v. Johnston*, No. 2:09-cv-00244-KS-MTP, 2011 WL 3924825, at \*6 (S.D. Miss. Aug. 18, 2011), *R. & R. adopted,* No. 2:09-cv-00244-KS-MTP, 2011 WL 3924836 (S.D. Miss. Sept. 6, 2011). "There is a legitimate penological need for prison 'personnel to open, review, and occasionally censor outgoing mail' because of concerns about possible threats to prison security." *Carpenter*, 597 F. Supp. 3d at 1002 (quoting *Young v. LeBlanc*, No. cv 19-13516, 2020 WL 3421132, at \*18 (E.D. La. May 7, 2020), *R. &R. adopted,* No. cv 19-13516, 2020 WL 3415800 (E.D. La. June 22, 2020), *aff'd in part, rev'd in part and remanded*, No. 20-30430, 2022 WL 2072861 (5th Cir. June 9, 2022).

Plaintiff testified that both his outgoing and incoming mail, including his legal mail, was delayed by over a week, or returned to him opened. Tr. [25] at 27-28. Plaintiff asserts these delays resulted in stress. *Id.* Plaintiff has not shown that his outgoing mail was intentionally confiscated or that he suffered actual harm. Likewise, he has made no allegation that the delay or tampering of his mail affected his legal position in any way. *See Jordan*, 2011 WL 3924825, at *6-7; *see also Wilson v. Rascoe*, No. 2:10-cv-00091-M-S, 2012 WL 4465566, at *6 (N.D. Miss. Sept. 25, 2012) (finding that minor delays of mail absent actual harm is not a viable Eighth Amendment mail tampering claim). Plaintiff has not shown that his mail delay and mail tampering claims amount to a constitutional violation or affected his access to the courts.

**Inadequate and spoiled food.**  Plaintiff testified that he was provided "two meals" a day and served spoiled food "once or twice every month" that fell below his required calorie intake. Tr. [25] at 29-30; Compl. [1] at 5. The Constitution mandates "that inmates be provided 'well-balanced meals, containing sufficient nutritional value to preserve health.'" *Pinkston v. Hall*, No. 5:18-cv-00103-MTP, 2020 WL 2529398, at *16 (S.D. Miss. May 18, 2020), *am. on recons. in part,* No. 5:18-cv-00103-MTP, 2020 WL 6687354 (S.D. Miss. Nov. 12, 2020) (quoting *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (collecting cases)). "The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the minimal civilized measure of life's necessities." *Id.* (quoting *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir. 1998)). "Whether the deprivation of food falls below this threshold depends on the amount

and duration of the deprivation." *Id.* (quoting *Talib*, 138 F.3d at 214 n.3); *cf Talib*, F.3d at 214 (finding no Eighth Amendment violation when Talib was denied fifty meals over five months).

"Even on a regular, permanent basis, two meals a day may be adequate." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citing *Green*, 801 F.2d at 770-71). Plaintiff has not alleged any physical harm he suffered other than "headaches" and his "stomach hurting" from hunger pains. Tr. [25] at 30; Compl. [1] at 5; *see Berry*, 192 F.3d at 508 ("Neither has [Plaintiff] claimed that he lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet, nor has he alleged having his health put at risk."); *see also Turner v. Dretke*, 326 F. App'x 751, 753 (5th Cir. 2009) (holding that plaintiff was not "deprived life's basic necessities" because he failed to show "a continuous deprivation of food for any period much less a lengthy period"). The alleged denial of three meals per day does not rise to the level of a constitutional violation.

Plaintiff claims that he received "spoiled" food at the Pike County Jail. Tr. [25] at 29. Although his "allegations indicate that . . . the meals at the jail were not elaborate or satisfying, he did receive a varied diet." *Flowers v. Dent*, 21 F.3d 1109, at *3 (5th Cir. 1994). And the summary judgment evidence does "not describe a situation where [Plaintiff] was receiving less than reasonably adequate food." *Coleman v. Hogan*, No. 2:16-cv-00131-KS-MTP, 2018 WL 1998343, at *4 (S.D. Miss. Mar. 12, 2018), *R. & R. adopted,* No. 2:16-cv-00131-KS-MTP, 2018 WL 1998524 (S.D.

Miss. Apr. 27, 2018). Plaintiff admitted receiving two meals a day and "does not allege that his health was adversely affected by the food provided at the jail." *Id.*

Plaintiff also complains that he suffered an upset stomach after drinking contaminated water. Pl.'s Resp. [8] at 1. Without more, "Plaintiff's 'personal belief that the water was contaminated, . . . is not sufficient to support a claim.'" *Pinkston*, 2023 WL 2518914, at *7 (citing *Walker v. Collier*, No. 6:17-cv-00166 2019 WL 1421152, at *8 (E.D. Tex. Mar. 28, 2019)). Likewise, Plaintiff's claim that the "water made him sick" is a "mere personal belief that the water caused his medical ailment [and] is insufficient to support a claim. *Id.* "Because [P]laintiff has not pointed to any evidence that the water was actually unsafe (as opposed to being merely unpalatable), this claim fails." *Id.* (citing *James v. Edwards*, No. cv 20-452-DMD, 2021 WL 1856908, at *7 (E.D. La. May 10, 2021)); *see Amos*, 2021 WL 1080518, at *18 (holding that prisoner's assertions that the "brown and contaminated" water made him "ill," without objective evidence, could not support a claim).

Plaintiff's allegations fail to show an Eighth Amendment violation. Plaintiff's conclusory allegations about the adequacy of the food, calorie requirements, and water quality at the Pike County Jail cannot defeat summary judgment. *Burke v. Allison*, No. 1:08-cv-01496-RHW, 2010 WL 3827942 (S.D. Miss. Sept. 24, 2010) ("[C]onclusory allegations that the food was deficient in vitamins and minerals will not defeat summary judgment."); *see Causey*, 2008 WL 4191746, at *2 ("Plaintiff has presented nothing more than an unsubstantiated and conclusory allegation that his meals somehow were inadequate.").

**C. Plaintiff's claims related to his sentence and length of stay are not cognizable under Section 1983.**

Plaintiff alleges that the Pike County Jail "[a]dministration keep[s] people here for longer than necessary to make money from the state" and that he was incorrectly given a nine-month sentence. Compl. [1] at 5; Resp. [8] at 1. Plaintiff has not satisfied *Heck v. Humphrey*'s conditions; thus this claim is not cognizable under Section 1983.

In *Heck*, "the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). "Heck requires the district court to consider 'whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)).

"[Plaintiff] has neither alleged nor presented evidence that [his] conviction has been reversed or otherwise terminated in [his] favor." *Franks v. Wayne Cnty., Miss.*, No. 4:11-cv-00151-CWR-LRA, 2013 WL 4508376, at *3 (S.D. Miss. Aug. 23, 2013). "Allowing [Plaintiff] to move forward with [his] [claims] in this action would effectively contradict the validity of [his] underlying criminal conviction." *Id.* Therefore, Defendants are entitled to summary judgment on this claim.

## IV.  RECOMMENDATION

The undersigned recommends that the Motion [29] for Summary Judgment filed by Defendants Sheriff James Brumfield, Captain Richard Bynum, Warden Herbert Young, and Nurse Valerie Wells be granted and all claims against these Defendants be dismissed with prejudice.

## V.  NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court. An objecting party must specifically identify the findings, conclusions, and recommendation to which he objects. Within seven days of service of the objections, the opposing party must either serve or file a response or notify the District Judge that he does not intend to respond to the objections. L. U. Civ. R. 72(a)(3).

The District Judge shall make a de novo determination of those portions of the Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify in whole or in part, the findings, or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendation of the Magistrate Judge shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding

or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

    **SIGNED,** this 24th day of January, 2025.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE