```
            IN THE UNITED STATES DISTRICT COURT
          OF THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

LEON CAMMACK                                              PLAINTIFF

VS.                             Civil Action No.: 5:23-cv-43-DCB-BWR

SHERIFF JAMES BRUMFIELD,
CAPTAIN RICHARD BYNAM,
WARDEN HERBERT YOUNG, and
NURSE VALERIE WELLS                                      DEFENDANTS

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

THIS MATTER is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 31] concerning Defendants' Motion for Summary Judgment [ECF No. 29] on Plaintiff's 42 U.S.C. § 1983 petition. [ECF No. 1]. The Report was entered on January 24, 2025, and objections to it were due by February 7, 2025. No party has filed an objection, and the time to do so has elapsed.

Judge Rath recommended that the Court grant summary judgment and dismiss the case with prejudice. [ECF No. 31] at 1. Specifically, the Report found that Plaintiff has failed to state a constitutional violation with respect to any defendant. Additionally, the Report explained that Plaintiff's claims against Sheriff Brumfield should be dismissed due to his lack of personal involvement in the alleged constitutional violations. <u>Id.</u> at 7.

I.  Legal Standard

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review to the Report. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

"A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." E.E.O.C. v. WC&M Enters., Inc., 496 F.3d 393, 397 (5th Cir. 2007).

II.  Discussion

Plaintiff's complaint arose while he was incarcerated at Pike County Jail from March 5, 2023, through September 28, 2023, on a

Driving Under the Influence ("DUI") charge. [ECF No. 31] at 2. In his complaint, Plaintiff alleges that he was denied medical care for his ankle and swollen feet, specifically naming Nurse Valerie Wells, who he claims "has ignored all medical requests for my ankles and feet swelling". Id.; [ECF No. 1] at 4-5. Plaintiff further brings eleven constitutional complaints concerning the conditions of his confinement: (1) overcrowding, (2) sleeping on the floor, (3) black mold in the showers, (4) dysfunctional cell doors, (5) dysfunctional overhead lighting and exposed wiring, (6) dysfunctional call buttons, (7) lack of regular yard time, (8) lack of basic hygiene supplies, (9) lack of access to medication, (10) delayed paperwork and mail tampering, and (11) denial of adequate food. Id.

The discussion in Judge Rath's Report begins by asserting that Plaintiff's claims against Sheriff Brumfield should be dismissed for his lack of personal involvement. [ECF No. 31] at 7. The Report explains that Plaintiff's general allegation that Sheriff Brumfield "failed to supervise" the Pike County Jail cannot establish the personal involvement necessary to hold an official liable in a Section 1983 civil rights action. Id. (citing Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983); Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987)). The Report further states that "[t]he sheriff's general responsibility for supervising the operation of his department is insufficient to establish personal

3

involvement" (citing Ellis v. Packnett, No. 5:06-cv-00033-DCB-JMR, 2007 WL 2688540, at *8 (S.D. Miss. Sept. 10, 2007), and that Plaintiff has failed to show that Sheriff Brumfield committed any wrongdoing that may have caused the alleged constitutional violations; nor has Plaintiff identified any policy of Sheriff Brumfield's that may have caused the constitutional violations he asserts. Id. at 7-8. This Court agrees with Judge Rath's assessment and DISMISSES WITH PREJUDICE all claims against Sheriff Brumfield.

The Court now moves on to the merits of Plaintiff's claims. First, he claims Nurse Wells denied him medical care in violation of his constitutional rights. As a convicted prisoner, Plaintiff's constitutional right to medical care arose from the Eighth Amendment prohibition against cruel and unusual punishment. "To show a violation of the Eighth Amendment, the plaintiff must prove: (1) objective exposure to a substantial risk of serious harm; and (2) that prison officials acted or failed to act with deliberate indifference to that risk." Carlucci v. Chapa, 884 F.3d 534, 538 (5th Cir. 2018) (quotation omitted).

"Deliberate indifference" is a high standard, requiring that a prisoner show "'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (quotation omitted). Judge Rath's report concluded that Plaintiff failed to provide

evidence of such deliberate indifference. [ECF No. 31] at 11. Plaintiff testified that "every time [he] complain[ed] to [Nurse Wells], she [gave] [him an Advil] and that's it . . . . She [didn't ever] send [him] to the doctor." [ECF No. 31] at 10. The report concludes that because Plaintiff admits that his ailments were treated, he failed to demonstrate that Nurse Wells denied him medical care with deliberate indifference. Id. The Court agrees that Plaintiff failed to demonstrate the deliberate indifference necessary to support a claim of a constitutional violation with respect to his medical care, and those claims are DISMISSED WITH PREJUDICE.

Next, the Report addresses Plaintiff's eleven claims of unconstitutional conditions of confinement, listed above. The Report addresses each condition individually, citing to Plaintiff's complaint and testimony at the evidentiary hearing to demonstrate the insufficiency of Commack's evidence as to each claim. The Report evaluates Plaintiff's claims as mandated by precedent, explaining that "the Constitution does not require that custodial inmates be housed in comfortable prisons," but "prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." Id. at 11 (citing Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001)).

5

The Report further explains that to prove an Eighth Amendment conditions-of-confinement claim, a plaintiff must show that the prison officials' conduct "resulted in the plaintiff being incarcerated under conditions which posed an unreasonable risk of damage to the prisoner's future health." Id. (citing Williams v. Mgmt. of GEO, No. 4:10-cv-00023-LRA, 2011 WL 3684479, at *2 (S.D. Miss. Aug. 23, 2011) (citing Herman, 238 F.3d at 664) (internal quotations omitted)). Furthermore, the Supreme Court has held that the "deliberate indifference" standard applied to claims involving medical care in Estelle v. Gamble, 429 U.S. 97, also applies generally to prisoner challenges to conditions of confinement. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). This standard, discussed above, requires a showing of wantonness by the offending official. "Wantonness does not have a fixed meaning but must be determined with 'due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged.'" Id. at 302. The Report also notes that to recover compensatory damages, Plaintiff must establish a physical injury that is more than de minimis. [ECF No. 31] at 12, (citing Alexander v. Tippah Cnty., Miss., 351 F.3d 626, 631 (5th Cir. 2003)).

As to each of the eleven unconstitutional conditions alleged, the Report explains that Plaintiff fails to provide sufficient evidence of deliberate indifference by an official, risk to the

Plaintiff, or more than a <u>de minimis</u> resulting injury. In support of its conclusions, the Report presents the evidence Plaintiff provided in his complaint and at the evidentiary hearing. The Court has reviewed the evidence in both the Report and the record, including Plaintiff's complaint and the transcript from the evidentiary hearing, on each of the eleven claims of unconstitutional conditions of confinement, and it agrees that each of these claims should be DISMISSED WITH PREJUDICE.

### IV. Conclusion

After conducting a <u>de novo</u> review, the Court agrees with the Report.

Accordingly,

IT IS HEREBY ORDERED that Judge Rath's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed with prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 20th day of February, 2025.

                                           /s/ David Bramlette
                                     DAVID C. BRAMLETTE III
                                     UNITED STATES DISTRICT JUDGE